# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH SCOTT CAPLES,<br>AIS 295489, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| vs. | )<br>) | CA 17-0169-KD-MU |
| WALTER MYERS, *et al.*, | )<br>)<br>) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Joseph Scott Caples, a state prisoner presently in the custody of Respondent Walter Myers, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 4 at pp.3-18). This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time-barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations period contained in 28 U.S.C. § 2244(d).[1]

## PROCEDURAL HISTORY

Caples pleaded guilty and was convicted of attempted murder in the Circuit Court of Mobile County, Alabama on March 10, 2014, and was sentenced to 25 years imprisonment. (Doc. 4 at p. 4). Caples did not file a direct appeal of his conviction or

---

[1] Based on this report and recommendation, Caples motion to proceed without prepayment of fees and costs (Doc. 6) is **DENIED**.

sentence. (Doc. 4 at p. 9). Caples filed a Rule 32 petition in the Circuit Court of Mobile County on August 20, 2014. (Doc. 4 at p. 6). In that petition, he challenged his conviction on the ground that he should have been charged with second degree assault, not attempted murder. (*Id*.). The Circuit Court ruled on his petition, apparently denying or dismissing it, on either June 3, 2015 or July 10, 2015. (Doc. 4 at p. 5). Caples did not petition for a rehearing or for certiorari, nor did he file any other type of appeal. (Doc. 4 at pp. 5-7).

On March 17, 2017, more than one year after the Circuit Court ruled on his Rule 32 petition, Caples filed the instant federal habeas corpus petition in this Court. (Doc. 4 at pp. 3-18). This is his first § 2254 petition challenging his conviction and sentence. (Doc. 4 at p. 11).

## **PETITIONER'S CLAIMS**

In his petition, Caples raises two claims. First, Caples claims that his guilty plea was unlawfully induced or not made voluntarily with an understanding of the charge and the consequences of the plea. (Doc. 4 at p. 9). He bases this claim on his contention that he entered a blind guilty plea for second degree assault, but was instead convicted of and sentenced for attempted murder. (*Id.*). Second, Caples claims that he received ineffective assistance of counsel because his attorney did not object to the change in the plea agreement and did not file a direct appeal. (*Id*.).

Caples contends that the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his habeas corpus petition because it raises a new rule of constitutional law that was previously unavailable and because the factual predicate for

2

the claim could not have been discovered through the exercise of due diligence. (Doc. 4 at p. 14).

## CONCLUSIONS OF LAW

Rule 4 of the Rules Governing Section 2254 Cases provides the district court with the power "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); see *Jackson v. Sec'y for the Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding "that the district court possessed the discretion to raise *sua sponte* the timeliness issue"); *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002) (holding that "[e]ven though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*"). Rule 4 states, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the timeliness of a petitioner's habeas petition must be calculated based upon the date his conviction becomes final "by the conclusion of direct review or the expiration of time for seeking such review." Caples did not seek direct review of his March 10, 2014 conviction or sentence; therefore, his limitations period under §2244(d)(1)(A) began to run on April 21, 2014, 42 days after pronouncement of his sentence. *See* Ala. R. App. P. 4(b)(1); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that when § 2254 petitioner is entitled to file a petition for a writ of certiorari in the United States Supreme Court within 90 days after entry of judgment by the state's highest court, the statute of limitations under § 2244(d) does not begin to run until the 90-day window has expired). Although the one-year limitations period can be tolled during the time a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending, Caples did not file the instant petition until more than one year after his Rule

32 petition had been denied or dismissed. His Rule 32 petition was denied or dismissed by the Circuit Court no later than July 10, 2015, and he did not file the instant petition until March 17, 2017. The instant § 2254 petition Caples filed in this Court is therefore untimely under § 2244(d)(1).

Caples makes two arguments in support of his position that his § 2254 petition was, however, timely filed. First, he contends that the limitation period should have commenced on the date that a newly recognized rule of constitutional law was recognized by the Supreme Court and made retroactively applicable. (Doc. 4 at p. 14). However, he points to no newly recognized rule that applies to his case and thus, this argument fails. He also argues that the limitations period should not have commenced until the date on which the factual predicate for the claims presented could had been discovered through the exercise of due diligence. (*Id.*). However, this argument also fails because his petition reveals that Caples knew of the facts that support the claims made in his habeas petition by the time he filed his Rule 32 petition on August 20, 2014. (Doc. 4 at pp. 6-9).

Based on the foregoing, the undersigned recommends that the § 2254 petition filed by Caples on March 17, 2017, which challenges his 2014 conviction and sentence, be dismissed because it is time-barred.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas

corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w]' that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Hammond should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

  Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and

recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## **CONCLUSION**

The undersigned Magistrate Judge recommends that the petition for writ of habeas corpus filed by Joseph Scott Caples, pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Caples is not entitled to a certificate of appealability, and therefore, he is not entitled to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **25th** day of **May, 2017**.

s/P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**